# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BABCOX MEDIA, INC., | ) | CASE NO.: 5:19-cv-01786 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| TFI ENVISION, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT TFI ENVISION, INC.'S MOTION TO DISMISS

Scott D. Simpkins (0066775)
sdsimp@climacolaw.com
CLIMACO, WILCOX, PECA,
& GAROFOLI CO., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

Alexander Mirkin (*pro hac vice*)
amirkin@offitkurman.com
OFFIT KURMAN, P.A.
10 East 40th Street
35th Floor
New York, NY 10016
Telephone: (212) 545-1900
Facsimile: (212) 545-1656

*Attorneys for Defendant TFI Envision, Inc.*

TABLE OF CONTENTS

Table of Contents ..................................................................................................................... ii

Table of Authorities ................................................................................................................. iii

Preliminary Statement .............................................................................................................. 1

Statement of the Case ............................................................................................................... 2

Legal Standard ......................................................................................................................... 3

Argument ................................................................................................................................. 5

    I.   This Court Lacks Personal Jurisdiction Over TFI, a Non-Resident
        with No Contacts with Ohio. ................................................................................ 5

       A.  Haling TFI to Court in Ohio Would Deny TFI Due Process. ......................... 5

       B.  The Ohio Long-Arm Statute Does Not Provide For Jurisdiction Over TFI. .... 7

    II.  The Amended Complaint Fails to State a Claim Against TFI; Its Exhibits
        Conclusively Show That None Can Be Stated. ................................................... 9

Conclusion ............................................................................................................................. 11

Local Rule 7.1 Certification ................................................................................................... 12

Certificate of Service ............................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*,
  727 F.3d 502 (6th Cir. 2013) ............................................................................................ 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 9

*Boynton v. Alacrity Servs., LLC*,
  No. 1:12-CV-2214, 2013 U.S. Dist. LEXIS 134893 (N.D. Ohio Sep. 20, 2013) ....................... 9

*Brunner v. Hampson*,
  441 F.3d 457 (6th Cir. 2006) ............................................................................................ 8

*Calphalon Corp. v. Rowlette*,
  228 F.3d 718 (6th Cir. 2000) ............................................................................................ 7

*Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*,
  692 F.3d 469 (6th Cir. 2012) ............................................................................................ 6

*Conn v. Zakharov*,
  667 F.3d 705 (6th Cir. 2012) ............................................................................. 3-4, 5, 7

*Croce v. New York Times Co.*,
  930 F.3d 787 (6th Cir. 2019) ............................................................................................ 9

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................................................... 5-6

*Kendle v. Whig Enters., LLC*,
  760 F. App'x 371 (6th Cir. 2019) ................................................................................... 10

*Miller v. AXA Winterthur Ins. Co.*,
  694 F.3d 675 (6th Cir. 2012) ........................................................................................ 5, 6

*Palnik v. Westlake Entm't, Inc.*,
  344 F. App'x 249 (6th Cir. 2009) ..................................................................................... 8

*Radici Plastics USA, Inc. v. Fischbach USA, Inc.*,
  No. 1:12-CV-00167, 2012 U.S. Dist. LEXIS 70257 (N.D.Ohio May 21, 2012) ...................... 8

*Rondigo, L.L.C. v. Twp. of Richmond*,
  641 F.3d 673 (6th Cir. 2011) ............................................................................................ 4

*SFS Check, LLC v. First Bank of Del.*,
  774 F.3d 351 (6th Cir. 2014) ............................................................................................ 4

*Theunissen v. Matthews*,
   935 F.2d 1454 (6th Cir. 1991) ............................................................................................. 4, 5

*Williams v. CitiMortgage, Inc.*,
   498 F. App'x 532 (6th Cir. 2012) ............................................................................................ 4

**Statutes**

Fed. R. Civ. P. 12(b)(2) .................................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 4

ORC § 2307.382(A) .................................................................................................................. 7, 8

ORC § 2307.382(A)(1) .................................................................................................................. 7

ORC § 2307.382(A)(2) ............................................................................................................... 7-8

ORC § 2307.382(C) ....................................................................................................................... 7

TFI, a Connecticut marketing and creative services company, contracted with clients in New York and Illinois to create ads for placement by defendant Hill,[1] a New York media agency. Hill placed the ads with Babcox, an Ohio publisher who has now sued TFI in Ohio, though TFI neither entered into a contract with Babcox nor received money or services from Babcox. True, Babcox never got paid for those ads—Hill, whose job it was to negotiate the sales for the Advertisers, absconded with the money. But TFI had no direct dealings with Babcox and never purposefully availed itself of the privilege of acting in Ohio. Beyond working with Hill for shared clients, being credited for its creative work, and introducing Babcox to Hill, TFI has no connection to this dispute or to Ohio. This Court therefore lacks jurisdiction over TFI, and the Amended Complaint should be dismissed as to TFI on that basis.

Were the Court to assert jurisdiction over TFI, the Amended Complaint would have to be dismissed for failing to state a claim upon which relief may be granted. Despite alleging more facts than its bare-bones predecessor, the Amended Complaint does not articulate any basis for holding TFI liable for Hill's theft. The claims alleged against TFI are meritless on their face: Count I asserts a breach of contracts to which TFI was not a party, and Count II claims that TFI was unjustly enriched because Babcox was not paid by the Advertisers (through Hill) for its services, though TFI is neither alleged to be at fault nor to have benefited from Hill's malfeasance. Indeed, these claims sit in all-but-irreconcilable tension with the intentional tort claims against Hill—fraud and conversion.

---

[1] In addition to HillCorp LLC, the Amended Complaint also names as a defendant an entity named "HillStory Media" "to the extent that [it] is a valid corporate defendant." The insertion orders annexed to the Amended Complaint reference "hillSTORY Media" and defendant Sean-Patrick Hillman, For the purposes of this motion, TFI takes no position on the proper name of the entity or entities identified by these monikers, or on the relationship between them, and will refer to it or them jointly as "Hill."

The Amended Complaint attaches as exhibits the insertion orders through which Hill arranged for Babcox to publish the ads. Those insertion orders, the only contracts referenced or incorporated in the Amended Complaint, specifically provide that only the underlying advertising clients are responsible for payment, and that payment is to come from Hill when paid. By their plain terms, the insertion orders make clear that the only parties from whom Babcox could expect payment were Hill and the Advertisers themselves, not TFI. The legal structure of the parties' relationship, shown unequivocally in the insertion orders, provide another ground to dismiss.

## STATEMENT OF THE CASE

Plaintiff Babcox is a magazine publisher whose business includes sales of advertising in its magazines. Am. Compl. (Dkt. No. 17), ¶ 6. It accepted ads for placement in its magazines pursuant to insertion orders sent to it by defendant Hill on behalf of underlying clients, Standard Motor Products and Old World Industries, LLC. *Id*., ¶¶ 12-14 and Exhibits 1-7. Each of the insertion orders has an authorized signature from a Hill employee, to whom invoices are directed to be sent at Hill's address in New York City. *Id*. No mention is made of TFI in the insertion orders except to identify it as the Creative Agency and provide its contact information. *Id*. Babcox is identified as the Vendor on each insertion order, and Standard Motor Products or Old World Industries is identified as the Advertiser. *Id*. Each of the insertion orders provides that

> All invoices must be sent to [Hill] only at the address above and NOT to advertiser. . . . [Hill] acts only as an agent for the advertiser and does not guarantee payment from the advertiser, who is solely responsible for payment of this order. [Hill] will bill the advertiser and, upon receipt of payment due, will remit the amount due to media vendor upon payment due date. . . . By accepting this PO, the media vendor understands and agrees to be bound by all terms and conditions contained in this PO. . . . This is the complete and exclusive understanding of the parties with respect to this transaction.

*Id*. The Advertisers paid Hill or TFI for the advertisements placed in Babcox' periodicals, but only partial payment was made to Babcox. *Id.*, ¶¶ 15-16.

TFI is a Connecticut corporation with its principal place of business in Norwalk, Connecticut, and no connection whatsoever to Ohio. Declaration of Elizabeth P. Ball, ¶ 3. It has no offices, employees, clients, or real property in Ohio. *Id.*, ¶¶ 4-7. It is not licensed to do business in Ohio and does not actively solicit business there, has no agent for service of process there, and has never been a party to litigation in Ohio before this action—indeed, TFI has never been party to any contract by which it would consent to the jurisdiction of the Ohio state or federal courts, or the application of Ohio law. *Id.*, ¶¶ 8-12. TFI was not a party to the insertion orders—indeed, it never saw them before they were sent to Babcox by Hill. Id., ¶ 19. TFI has never been a principal party to any contract with Babcox.[2] *Id.*, ¶ 13.

Other than plaintiff, none of the other parties to the transactions at issue in this case appear to have any connection to Ohio. Hill is a Delaware company with its principal place of business in New York. Am. Comp. ¶ 3. Defendant Sean-Patrick Hillman is a resident of New York. *Id.*, 4. Standard Motor Products is a New York company with its principal place of business in New York. Ball Decl., ¶ 15. Old World Industries is an Illinois company with its principal place of business in Illinois. *Id.*, ¶ 16. The publications in which the ads appeared are not Ohio-specific, but rather focused on the automotive industry. *Id.*, ¶ 18; Am. Compl. ¶ 6.

## LEGAL STANDARD

Because TFI lacks even minimal contacts with the state of Ohio, it moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "The plaintiff bears the burden of establishing through specific facts that personal jurisdiction

---

[2] On a number of occasions, TFI has served as placement agent for ads placed with Babcox by its advertising clients. Each of those occasions was governed by a separate insertion order not at issue in this case. Ball Decl., ¶ 14.

- 3 -

exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). The Court must "consider the pleadings in the light most favorable to the plaintiff, although [it] may consider the defendant's undisputed factual assertions." *Id*. The Court may decide the motion on affidavits alone, without permitting further discovery or holding an evidentiary hearing; where it does so, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To do so, plaintiff must show that "(1) jurisdiction is proper under a long-arm statute or other jurisdictional rule of Ohio, the forum state; and (2) the Due Process Clause also allows for jurisdiction under the facts of the case." *Conn*, 667 F.3d at 711.

TFI also moves to dismiss pursuant to Rule 12(b)(6). "To survive a Rule 12(b)(6) motion, a complaint must comply with the pleading requirements of Rule 8(a), which, among other things, requires a short and plain statement of the claim showing that the pleader is entitled to relief." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). "[N]aked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (citation omitted). On a motion to dismiss for failure to state a cause of action, "a court may consider exhibits attached to the complaint . . . without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011). "[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (citation omitted).

**ARGUMENT**

I. **This Court Lacks Personal Jurisdiction Over TFI, a Non-Resident with No Contacts with Ohio.**

This case was removed on the basis of diversity jurisdiction. *See* Notice of Removal, Dkt. No. 1. *See also*, Am. Cmpl. ¶ 5. "In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012) (citation omitted). "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Conn*, 667 F.3d at 711 (citation omitted). Plaintiff has not pleaded and will not be able to show a basis for jurisdiction over TFI under Ohio law, or that such an assertion of jurisdiction would be consistent with due process.

    A.    <u>Haling TFI to Court in Ohio Would Deny TFI Due Process.</u>

Under the Due Process clause of the Fourteenth Amendment to the Constitution, a defendant residing in different state from the court where it is sued may only be subjected to jurisdiction if "the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen*, 935 F.2d at 1459 (*quoting International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945)). This standard may be met by a showing of either general or specific jurisdiction. "Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under one of the bases of jurisdiction listed in Ohio's long-arm statute." *Conn*, 667 F.3d at 717. Even if it did, general jurisdiction over a corporate defendant is limited to states where the defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in

the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (cleaned up). The states of incorporation or the defendant's principal place of business are paradigmatic examples of sufficiently close relations to justify the exercise of general jurisdiction; one-off contracts are not. *Id*. at 138. TFI is incorporated in and has its principal place of business in Connecticut. Ball Decl. ¶ 3. It is not subject to general jurisdiction in Ohio.

The Sixth Circuit has established a three-part test for determining whether an exercise of specific jurisdiction is compatible with due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Miller*, 694 F.3d at 679-80 (*quoting S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). If any of the three requirements is not met, personal jurisdiction is lacking. *Id*. Central to this inquiry is "the purposeful availment requirement[, which] ensures that the defendant's actions create a substantial connection to the forum state. . . . Such a requirement protects a defendant from being haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471-72 (6th Cir. 2012) (citations omitted).

The Amended Complaint alleges that TFI made one phone call to Babcox to introduce it to Hill as a placement agent with which it would be working on certain future ads. Am. Compl. ¶ 11. That introduction is not alleged to have referenced specific ads or insertion orders. Rather, once the lines of communications between Hill and Babcox were opened, Babcox received insertion orders—that is, contract offers specifying the terms on which Hill's principals would place ads with Babcox, which Babcox accepted by performance, *see* Am. Compl. ¶¶ 12-

14—directly from Hill. As to those specific insertion orders—the contracts alleged to have been breached—TFI had no dealings with Babcox and no contacts with Ohio. Thus, it cannot be said that TFI availed itself of the privilege of doing business in Ohio with respect to the transactions at issue in this case. Rather, the single phone call introducing Babcox to TFI is the sort of "random, fortuitous, and attenuated" act that does not give rise to jurisdiction. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000) (holding that phone, fax, and mail communications with plaintiff, and visits by defendant to plaintiff's Ohio headquarters "were precisely the type of 'random,' 'fortuitous,' and 'attenuated' contacts that the purposeful availment requirement is meant to prevent from causing jurisdiction" where they "occurred solely because [plaintiff] chose to be headquartered in Ohio, not because [defendant] sought to further its business and create 'continuous and substantial' consequences there.").

  B. <u>The Ohio Long-Arm Statute Does Not Provide For Jurisdiction Over TFI.</u>

"Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn*, 667 F.3d at 712. Under the Ohio long-arm statute, jurisdiction is only proper as to claims predicated on conduct arising from one of nine enumerated jurisdictional bases. ORC § 2307.382(A), (C). The Amended Complaint asserts claims against TFI for breach of contract and unjust enrichment, which can only implicate the jurisdictional basis of "transacting business in this state," § 2307.382(A)(1).[3] On a closer look, this basis, too, cannot be established.

---

[3] Notably, TFI is not alleged to have supplied or contracted to supply anything in Ohio—at most, the insertion orders suggest that TFI provided advertising services in Connecticut for use by the New York-based agent of its New York- and Illinois-based clients in national periodicals. Plaintiff thus cannot rely on section 2307.382(A)(2), which gives jurisdiction over parties who "contract[] to supply services or goods in Ohio."

Though the ads TFI created were ultimately placed in periodicals published by an Ohio company, TFI's role as the Creative Agency was limited to making the ads. As is apparent from the insertion orders, it is Hill who was responsible for the ads' distribution, and the Advertisers who ultimately decided where the ads were to be placed. Accordingly, the decision to have any dealings in Ohio at all was "pretty much out of [TFI's] hands," and so does not meet the standard for transacting business in Ohio under the long-arm statute. *Palnik v. Westlake Entm't, Inc.*, 344 F. App'x 249, 251 (6th Cir. 2009) (holding that "under both the [transacting business prong of the] Ohio long-arm statute and the Due Process Clause, [plaintiff] must demonstrate more than the production of the movie by [defendants] and its sale in Ohio; he must show that they, either through their own actions or through their distribution relationship, directed the product to Ohio.") (citation omitted).

Importantly, neither the prior contracts between Babcox and TFI (as agent) nor the fact that Babcox was introduced to Hill through TFI are sufficient to characterize TFI as "transacting business" in Ohio for the purposes of the claims in the Amended Complaint. The Ohio long-arm statute extends only to "cause[s] of action arising from" the activities claimed to give rise to jurisdiction. ORC. § 2307.382(A). This provision requires that the defendant's conduct be a proximate cause of plaintiff's claims, not merely a but-for cause. *Brunner v. Hampson*, 441 F.3d 457, 466 (6th Cir. 2006). Accordingly, "[a] prior contract between plaintiff and defendant should be disregarded as irrelevant." *Radici Plastics USA, Inc. v. Fischbach USA, Inc.*, No. 1:12-CV-00167, 2012 U.S. Dist. LEXIS 70257 at *8 (N.D.Ohio May 21, 2012) (cleaned up). None of TFI's contacts with Babcox rise to this high standard.

## II. The Amended Complaint Fails to State a Claim Against TFI; Its Exhibits Conclusively Show That None Can Be Stated.

If the Court were to exercise jurisdiction over TFI, the Amended Complaint would need to be dismissed as to TFI for failing to state a cause of action. Count I of the Amended Complaint seeks to recover from TFI for breach of the terms of the insertion orders. Am. Compl. ¶¶ 18-20. But, though its logo was printed on the insertion orders by Hill, TFI is not a party to the insertion orders. The plain terms of the insertion orders make clear that the Advertisers, and Hill as their agent—not TFI—were responsible for paying Babcox. Babcox agreed to those terms, and offers no basis for now seeking from TFI the payments it did not receive from Hill or the Advertisers. The insertion orders render the Amended Complaint not even "merely consistent with [TFI's] liability," and thus not "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the insertion orders, TFI has no rights or obligations whatsoever. "[S]ince the Master Contract imposes no obligation on the [defendant] and contains no promises made by [defendant] for Plaintiffs' benefit, Plaintiffs cannot plausibly allege a breach by [defendant] of the Master Contract. Therefore, Plaintiffs' breach of the Master Contract claim fails against [defendant]." *Boynton v. Alacrity Servs., LLC*, No. 1:12-CV-2214, 2013 U.S. Dist. LEXIS 134893, at *16-17 (N.D. Ohio Sep. 20, 2013). And, though the Amended Complaint repeats, in conclusory fashion, that Hill was TFI's agent, Am. Compl. ¶¶ 8, 10, 11, these allegations provide no basis for treating TFI as a principal in this context.[4] Indeed, the insertion orders state explicitly that "[Hill] acts only as an agent for the advertiser." These unequivocal statements

---

[4] The allegations of the Amended Complaint must be accepted as true for purposes of a motion to dismiss for failure to state a cause of action except to the extent they are contradicted by the attachments to the complaint. *See*, *e.g.*, *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019). Note that TFI vigorously disputes many of the facts alleged in the Amended Complaint, including that Hill was TFI's agent for any purposes whatsoever.

negate any suggestion that Hill was acting as TFI's agent. Thus, TFI was not a party to the insertion orders either directly or as agent for its clients, and cannot be liable for their breach.

Similarly, Count II, asserting a claim for unjust enrichment, must be dismissed as against TFI. Though the Amended Complaint is intentionally vague about which of the "Defendants" requested, received, accepted, and refused to pay for Babcox's services, and were unjustly enriched as a result of the payments received from the Advertisers (Am. Compl. ¶¶ 22-24), the remainder of the Amended Complaint makes clear that Hill and defendant Sean-Patrick Hillman falsely represented to Babcox that it would be paid for its services when Hill was paid by the Advertisers (*id*., ¶ 27), received the Advertisers' money (*id*., ¶ 31), and willfully converted the money instead of paying Babcox (*id*., ¶¶ 31-33). TFI is not specifically alleged to have received any benefit to which it was not entitled, nor to have been enriched unjustly; the only specific allegation about it in Count II is that it profited from Plaintiff's services. *Id*., ¶ 22. Assuming for purposes of this motion that this is true (though query whether TFI's profit came from Plaintiff's work, not from TFI's sale of its own services to its Advertiser clients, who then used its work product as they saw fit), this allegation does not establish unjust enrichment. *See*, *e.g.*, *Kendle v. Whig Enters., LLC*, 760 F. App'x 371, 378 (6th Cir. 2019) (holding that a claim for unjust enrichment based on profits to one party based on another party's breach of contract fails as a matter of law, and suggesting that the proper remedy is to sue the contractual counterparty for breach of contract). If Plaintiff has not been paid under the insertion orders, it may well have a claim against the Advertisers, and perhaps against Hill; TFI's profits alone do not make it liable to Plaintiff, whether for unjust enrichment or anything else.

## CONCLUSION

Plaintiff has now had two chances to allege a claim against TFI, and to show that TFI is subject to this Court's jurisdiction. It has failed to do so. TFI did not deal with Plaintiff on the ads at issue in this case, is not responsible for the injuries alleged suffered by Plaintiff at the other defendants' hands, and has no business in a court in Ohio. The Amended Complaint should be dismissed as to it with prejudice.

Dated: January 15, 2020

          Respectfully submitted,

          */s/ Scott D. Simpkins*
          Scott D. Simpkins (0066775)
          sdsimp@climacolaw.com
          CLIMACO, WILCOX, PECA,
          & GAROFOLI CO., L.P.A.
          55 Public Square, Suite 1950
          Cleveland, Ohio 44113
          Telephone: (216) 621-8484
          Facsimile: (216) 771-1632

          Alexander Mirkin (*pro hac vice*)
          amirkin@offitkurman.com
          OFFIT KURMAN, P.A.
          10 East 40th Street
          35th Floor
          New York, NY 10016
          Telephone: (212) 545-1900
          Facsimile: (212) 545-1656

          *Attorneys for Defendant TFI Envision, Inc.*

- 12 -

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Civil Rule 7.1(f), I hereby certify that this case has tentatively been assigned to the Standard Track (Dkt. No. 7). The foregoing Memorandum adheres to the 20-page limitation of rule 7.1(f) for cases assigned to the Standard Track.

*/s/ Scott D. Simpkins*
Scott D. Simpkins

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 15, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. In addition, undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

    Hillcorp, LLC
    311 West 43rd Street, Suite 14-131
    New York, NY 10019

    Sean-Patrick Hillman
    455 West 37th Street, Apt. 2202
    New York, NY 10018

    hillSTORY Media
    455 West 37th Street, Apt. 2202
    New York, NY 10018

    */s/ Scott D. Simpkins*
    Scott D. Simpkins