# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BABCOX MEDIA, INC. | ) | CASE NO. 5:19-cv-01786 |
| | ) | |
| PLAINTIFF, | ) | Judge LIOI |
| vs. | ) | |
| | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN** |
| TFI ENVISION, INC., ET AL. | ) | **OPPOSITION TO DEFENDANT TFI** |
| | ) | **ENVISION, INC.'S MOTION TO** |
| DEFENDANTS | ) | **DISMISS** |
| | ) | |

TABLE OF CONTENTS

Table of Contents .................................................................................................................. i

Table of Authorities ............................................................................................................. ii

Statutes ………………………………………………………………………………………iii

Preliminary Statement ........................................................................................................ 1

Statement of Facts .............................................................................................................. 2

Law and Argument ............................................................................................................. 5

   I.   This Court Has Personal Jurisdiction Over TFI, Arising From Its
      Substantial Contacts with Babcox In Ohio For Over Five Years…………………………..5

      A.  Ohio's Long-Arm Statute Provides For Jurisdiction Over TFI In This State……………8

      B.  Requiring TFI to Litigate This Case In Court in Ohio Comports With Due Process…....9

   II.  The Amended Complaint States a Claim Against TFI Upon Which Relief Can Be
      Granted………………………………………………………………………………………10

Conclusion ……………………………………………………………………………………...14

Local Rule 7.1 Certification ……………………………………………………………… 15

Certificate of Service ……………………………………………………………………... 15

TABLE OF AUTHORITIES

**Cases**

*Park West Galleries, Inc. v. Theresa Franks*, et al., 2012 WL 6146922 (N.D.Ohio), Case No. 5:12-cv-856, May 14, 2012……………………………………………………………4
*Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000);……………………………. 4
*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996)…………. 4
*Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002)…………………………………………… 4
*Capital Specialty Ins. Corp. v. Splash Dogs, LLC,* 801 F. Supp. 2d 657, 666 (S.D. Ohio 2011).4
*FRC Int'l, Inc. v. Taifun Feuerloschgeratebau und Vertriebs GmbH,* 3:01 CV 7533, 2002 WL 31086104 (N.D. Ohio Sept. 4, 2002)…………………………………………………………4
*Ashton Park Apartments, Ltd. v. Lebor,* 252 F. Supp. 2d 539, 543 (N.D. Ohio 2003)…………. 4
*Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F. 2d 1212, 1214 (6th Cir. 1989)…………………..4
*Stolle Machinery Co., LLC v. RAM Precision Indus., Inc.,* Case No. 10-cv-155, 2011 WL 6293323, *2 (S.D. Ohio Dec. 15, 2011)…………………………………………………………4
*Air Prods. & Controls, Inc. v. SafeTech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007)………….4
*Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 (6th Cir. 2006)………………………..4
*Commercial Metal Forming v. Utilities Optimization Group*, LLC, 4:11-cv-228, 2011 WL 5023265 (N.D. Ohio Oct. 19, 2011)………………………………………………………….5
*Reynolds v. Int'l Amateur Athletic Fed'n,* 841 F. Supp. 1444, 1450 (S.D. Ohio 1992)…………..5
*Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.,* 198 F. App'x 425, 430 (6th Cir. 2006)……..5
*J4 Promotions, Inc. v. Splash Dogs, LLC,* Case No. 08-CV-977, 2009 WL 385611, at *6 (N.D. Ohio Feb. 13, 2009)……………………………………………………………………….....5
*Priess v. Fisherfolk,* 535 F.Supp. 1271, 1274 (S.D. Ohio 1982)...................................................... 5
*In-Flight Devices Corp. v. Van Dusen Air,* Inc., 466 F.2d 220, 221 (6th Cir.1972) ..................... 5
*Leighton v. Poltorak*, 2017 WL 1399839, (N.D.Ohio), Case No. 1:16-cv-2898, April 19, 2017...6
*Total Quality Logistics, LLC v. Tarpon Transportation Services, Inc.*, United States District Court, S.D. Ohio, Western Division, September 16, 2019, 2019 WL 4413164…………………..6
*Maui Toys v. Brown*, 2014-Ohio-583 (7th Dist.)…………………………………………… 6

**Statutes and Rules**

Ohio Civ.R. 4.3……………………………………………………………………………..6, 7

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………….10

ORC § 2307.382(A)(1)……………………………………………………………………6, 7

## PRELIMINARY STATEMENT

Plaintiff Babcox Media, Inc. ("Babcox"), submits the following Memorandum Opposition to the Motion to Dismiss of Defendant TFI Envision, Inc. ("TFI"). As TFI has had ongoing contacts with Babcox in Ohio for many years, and transacted substantial business through numerous contracts entered into with Babcox in Ohio between 2014 and 2019, individually, and acting in association with its agent/partner Defendants HillStory Media, HillCorp, LLC and Sean-Patrick Hillman (collectively "Hillman"), and TFI and Hillman have defined themselves in advertising contracts as a collective "Agency," TFI's' Motion to Dismiss should be denied.

## STATEMENT OF FACTS

This action arises from the Amended Complaint filed by Plaintiff Babcox Media, Inc. against TFI and its agent/partner Hillman, arising from approximately 100 advertising placement order contracts they entered into with Babcox in Ohio between 2017 and December of 2018 for Babcox advertiser Standard Motor Products, Inc. ("SMP") of New York and others, for which Plaintiff was not paid. Prior to working with its agent Hillman, TFI had directly placed many orders directly with Babcox in Ohio between 2014 and 2017. Even after TFI and Hillman, who have defined themselves collectively as the "Agency," failed to pay Babcox for the SMP Orders at issue in this action, TFI made and paid for additional placement orders with Babcox in Ohio in 2019. Exhibit A, Declaration of Babcox President Greg Cira.

Babcox Media, Inc. is located in Akron, Ohio and is a supplier of media services, including paper and on line publications, which, acting in conjunction with advertising and media placement companies, connects brand marketers with niche audiences in the automotive, auto care, power sports and truck fleet markets in Ohio and elsewhere. TFI is an advertising agency and media buyer for clients, including but not limited to, those who wish to place automotive advertising in media created, controlled and distributed by Babcox. Between 2015 and 2019, TFI has negotiated and entered into over 100 placement agreements with Plaintiff in Ohio, bought and placed direct client advertising with Babcox in Ohio, and paid Plaintiff

itself for advertising services performed in Ohio pursuant to TFI's orders, including for one of Babcox's long time advertisers, SMP. All of Babcox's professional services for TFI have been performed in Ohio. Cira Declaration. True and accurate copies of placement agreements and billing records between TFI and Babcox are attached to Cira's Declaration as Exhibit A-1.

Prior to 2018, Babcox has never done business with Hillcorp, LLC, HillStory Media or Sean-Patrick Hillman. In or around 2018, TFI contacted Babcox and indicated it would be placing some orders with Babcox for SMP and other advertisers, working jointly with Hillman as its partner or agent, because Hillman allegedly had expertise in various online media platforms. TFI indicated it would still receive the payment from SMP and other advertisers itself, and ensure Babcox was paid for its services. But for TFI's involvement, Babcox would not have done business with Hillman. Babcox subsequently received a large number of joint advertising placement orders in 2018 bearing both the TFI and Hillman logos, indicating that the orders were being collectively placed by TFI and Hillman. Relying on this, Babcox provided in excess of $100,000 worth of advertising services to the Defendants in Ohio. Cira Declaration. True and accurate copies of the joint placement orders between Babcox and TFI/Hillman are attached to Cira's Declaration Exhibit A-2.

Babcox was not paid for all of its work performed under the joint TFI/Hillman placement orders, and thus reached out to TFI and Hillman about this. TFI, acting through its President Elizabeth Ball ("Ball"), indicated it had received the payment for this work from SMP and other advertisers, but rather than paying Babcox directly as it had done many time in the past, it instead forwarded Plaintiff's money to its agent Hillman. During ongoing discussions in 2019 about the failure of TFI and Hillman to pay for their joint orders, Ball told Babcox that TFI would follow up with Hillman and make sure Babcox was paid. However, neither TFI or Hillman have fully paid for Babcox's services at issue in this action. Cira Declaration.

Babcox subsequently communicated with SMP in 2019 and 2020 about the failure of TFI and Hillman to pay for its placement orders. SMP provided Babcox with a copy of a Statement of Work agreement between SMP on one hand, and TFI and Hillman acting jointly as the "Agency" on the other hand, prepared and signed by Elizabeth Ball of TFI and Carol Karpa of Hillman, whereby TFI and Hillman were to perform extensive media placement services for SMP for a renewable one year term beginning on January 1, 2019. This agreement bears the same joint TFI/Hillman logos as are found on the Babcox placement orders at issue in this lawsuit. Cira Declaration, Exhibit A-3; Declaration of SMP Director of Marketing Services Jay Eckstein, Exhibit B-1. After neither TFI or Hillman paid Babcox for their joint orders, SMP terminated the Statement of Work agreement with them for that reason. The joint TFI/Hillman – SMP Statement of Work agreement provides at Paragraph (1) (a) on page 3 of 4, "Legal Relationship Details, Payments," provides in pertinent part "The Agency [TFI/Hillman] shall be solely liable for payment of all vendor invoices, once the Agency has been paid for those invoices by the Client." TFI continued to negotiate and place advertisements with Babcox in Ohio, through 2019.

Defendants TFI and Hillman reached out to Babcox and initiated contact with Babcox in Ohio regarding the placement orders at issue, and the terms of the Orders were negotiated by them during phone and email communications with Babcox in Ohio. Babcox fully performed the work required under the Orders in Ohio. Payment was required to be made to Babcox in Ohio. The advertising placed arising from the joint TFI/Hillman Orders was published in Ohio and elsewhere. Cira Declaration.

SMP's Director of Marketing Services Jay Eckstein provided the Declaration attached hereto as Exhibit B. As stated therein, SMP is an independent manufacturer, distributor, and marketer of replacement parts for motor vehicles primarily in the automotive aftermarket industry. SMP was founded in April 1919 and has its principal executive offices located in Long Island City, NY. In the course of advertising its products, SMP works with various advertising companies, such as TFI to create,

coordinate and place its advertisements in various print and online automotive industry publications. SMP has worked with Babcox in Ohio for many years, and Babcox has published SMP's advertising in numerous print and electronic media platforms. In 2018, SMP contracted with TFI to place numerous advertisements in Babcox media platforms. These advertisements were placed by Babcox as required. In order to compensate Babcox for its media services in 2018, SMP sent payments to TFI for Babcox's invoices, with the understanding that TFI would forward its funds to Babcox in payment for the placement of its advertisements, as had been done in the past. SMP became aware that in 2017 and 2018 TFI had used third party media agencies, including Della Famina and Karpa Diem. SMP was informed by TFI that Karpa Diem merged with an entity known as Hillstory Media ("HillStory"). SMP was made aware that TFI engaged HillStory to assist it with the placement of its advertisements with Babcox; however, SMP continued to make all payments due relating to such advertisements to TFI. Eckstein Declaration.

The last of the orders placed with Babcox by TFI and its agent Hillman were in December of 2018. Within weeks, in early 2019, TFI and Hillstory, acting jointly as the "Agency," provided SMP with a Statement of Work agreement, signed by Elizabeth Ball of TFI and Carol Karpa of Hillstory, whereby TFI and Hillstory were to perform extensive media placement services for SMP for a renewable one year term beginning on January 1, 2019. After SMP learned that neither TFI nor Hillstory had paid Babcox for its orders placed through them in 2018 despite being fully paid by SMP, SMP terminated the Statement of Work agreement for that reason. A true and accurate copy of the joint TFI/Hillstory – SMP Statement of Work agreement is also attached to the Eckstein Declaration as Exhibit B-1. Similar to their relationship as the Agency set forth in the Statement of Work agreement, TFI and Hillman acted jointly while conducting business with Babcox in Ohio in 2018.

## LAW AND ARGUMENT

I. **This Court Has Personal Jurisdiction Over TFI, Arising From Its Substantial Contacts with Babcox In Ohio For Over Five Years.**

In *Park West Galleries, Inc. v. Theresa Franks*, et al., 2012 WL 6146922 (N.D.Ohio), Case No. 5:12-cv-856, May 14, 2012, this court set forth the applicable analytic framework for a jurisdictional motion to dismiss:

> "In dealing with a diversity case, [a court] look[s] to the law of the forum state to determine whether personal jurisdiction exists." *Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996) (citing *LAK, Inc. v. Deer Creek Enter.,* 885 F.2d 1293, 1298 (6th Cir.1989)). That is, personal jurisdiction exists over a nonresident "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002). In terms of Ohio's long-arm statute, "the courts of Ohio 'are to construe the long-arm statute broadly.' " *Capital Specialty Ins. Corp. v. Splash Dogs, LLC,* 801 F. Supp. 2d 657, 666 (S.D. Ohio 2011) (quoting *Nat'l Court Reporters, Inc. v. Rebecca N. Strandberg & Assoc.,* 2009 WL 1346641, at *4 (Cuyahoga Co. App. May 14, 2009)).
>
> Depending on the nature of the contacts that a defendant has with Ohio, personal jurisdiction can be general or specific. *Id.* at 873. General jurisdiction arises when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *FRC Int'l, Inc. v. Taifun Feuerloschgeratebau und Vertriebs GmbH,* 3:01 CV 7533, 2002 WL 31086104 (N.D. Ohio Sept. 4, 2002). Specific personal jurisdiction arises when the suit arises out of or is related to a defendant's contacts with Ohio. *Id.* Specific jurisdiction may be based on a single act. *Ashton Park Apartments, Ltd. v. Lebor,* 252 F. Supp. 2d 539, 543 (N.D. Ohio 2003).
>
> From a procedural point of view, when a motion challenging personal jurisdiction is filed, the plaintiff has the burden of demonstrating the existence of personal jurisdiction. *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F. 2d 1212, 1214 (6th Cir. 1989). Where the district court relies solely on written submissions and affidavits to resolve the motion, before discovery and without an evidentiary hearing, the plaintiff's burden is "relatively slight." *Stolle Machinery Co., LLC v. RAM Precision Indus., Inc.,* Case No. 10-cv-155, 2011 WL 6293323, *2 (S.D. Ohio Dec. 15, 2011). In such circumstances, the plaintiff need only make a prima facie showing of personal jurisdiction. *Air Prods. & Controls, Inc. v. SafeTech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007). The prima facie burden is met if the "plaintiff has set forth specific facts that support a finding of jurisdiction." *Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 (6th Cir. 2006). "The pleadings and affidavits must be construed in the light most favorable to the plaintiff, and the countervailing claims of the defendant disregarded." *Stolle Machinery,* 2011 WL 6293323, at *2 (citing *Bridgeport Music, Inc. v. Still N The Water Publ'g,* 327 F.3d 472, 478 (6th Cir. 2003)).

\* \* \*

### 1. *Ohio's Long-Arm Statute*

Pursuant to Ohio's long arm statute, Ohio Rev. Code § 2307.382, this Court may exercise personal jurisdiction over Franks and FAR as to a cause of action arising from their:

(1) Transacting any business in this state…

Long-arm jurisdiction exists in the present case under each of these subsections.

### *(a) Subsection (1)*

For purposes of the long-arm statute, the term "transacting business" has a "broader meaning than 'contracting,' and encompasses prosecuting negotiations, carrying on business, and having dealings." *Commercial Metal Forming v. Utilities Optimization Group*, LLC, 4:11-cv-228, 2011 WL 5023265 (N.D. Ohio Oct. 19, 2011). In construing the nearly identical Michigan long-arm provision, the Sixth Circuit declared that the use of the word "any" in the phrase "transaction of any business within the state" means just what it says: "It includes 'each' and 'every'…. It comprehends the 'slightest.' " *Reynolds v. Int'l Amateur Athletic Fed'n,* 841 F. Supp. 1444, 1450 (S.D. Ohio 1992).

Federal courts applying the Ohio statute have held that the "transacting any business" standard in the statute is coextensive with the Due Process clause. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.,* 198 F. App'x 425, 430 (6th Cir. 2006). The Ohio Supreme Court explains that Ohio Rev. Code § 2307.382(A)(1) is "very broadly worded and 'permits jurisdiction over non-resident defendants who are transacting *any* business in Ohio.' " *J4 Promotions, Inc. v. Splash Dogs, LLC,* Case No. 08-CV-977, 2009 WL 385611, at *6 (N.D. Ohio Feb. 13, 2009) (quoting *Kroger Co. v. Malease Food Corp.,* 437 F.3d 506, 511 (6th Cir. 2006) (emphasis in original)). "Transact' as utilized in the phrase "transacting any business" means to prosecute negotiations; to carry on business; [and] to have dealings …." *J4 Promotions,* 2009 WL 385611, at *6 (quoting *Mansfield Props., LLC v. Med. Dev. Mgmt., LLC,* Case No. 08-CV-668, 2008 WL 4186928, at *20 (Sept., 2008 N.D. Ohio); *see also Goldstein v. Christiansen,* 70 Ohio St. 3d 232, 236, 638 N.E.2d 541 (1994). "The word embraces in its meaning the carrying on or prosecution of business negotiations, but it is a broader term than the word 'contract' and may involve business negotiations which have been either wholly or partly brought to a conclusion." *J4 Promotions,* 2009 WL 385611, at *6 (emphasis added) (quoting *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.,* 198 Fed. Appx. 425, 431 (6th Cir. 2006).

Importantly, "physical presence within the state is not a prerequisite to finding personal jurisdiction." *J4 Promotions,* 2009 WL 385611, at * 6 (citing *Faurecia,* 464 F. Supp. 2d at 706). The Sixth Circuit has held that a person "'transacts business' in Ohio if the business operations set in motion by the defendant have a 'realistic impact' on Ohio commerce." *Priess v. Fisherfolk,* 535 F.Supp. 1271, 1274 (S.D. Ohio 1982) (citing *In-Flight Devices Corp. v. Van Dusen Air,* Inc., 466 F.2d 220, 221 (6th Cir.1972)).

Id. at p. 4-6.

"Ohio's long-arm statute lists nine scenarios under which Ohio courts can have personal jurisdiction over a defendant. Ohio Rev. Code Ann. § 2307.382(A)…Pursuant to Section 1, a court may exercise personal

jurisdiction over a person who acts directly or by an agent, as to a claim arising from that person's transacting any business in Ohio. O.R.C. § 2307.382(A)(1)." *Leighton v. Poltorak*, 2017 WL 1399839, (N.D.Ohio), Case No. 1:16-cv-2898, April 19, 2017. See also, *Total Quality Logistics, LLC v. Tarpon Transportation Services, Inc.,* United States District Court, S.D. Ohio, Western Division, September 16, 2019, 2019 WL 4413164; *Maui Toys v. Brown,* 2014-Ohio-583 (7th Dist.)(Moreover, appellant is also correct in its assertion that as an agent of appellee Zippy Toyz, appellee Michael Brown's actions may be imputed to appellee Zippy Toyz and appellee Gary Brown. Appellant correctly asserts that R.C. 2307.382 and Civ.R. 4.3 specifically permit the exercise of personal jurisdiction over a person, including a corporation or other business entity, who directly or by an agent commits a tortious act.).

Here, Babcox submits that this court has both general and specific jurisdiction over TFI in this action. TFI has entered into numerous direct contracts with Babcox, making a large number of advertising placement orders between 2014 and 2019. Cira Declaration, Exhibit A-1. As it pertains to SMP, TFI worked with SMP to create, coordinate and place SMP ads with Babcox in Ohio for many years. SMP would pay the funds due to Babcox to TFI, which would then forward that money to Plaintiff in Ohio, in payment for its advertising services. Eckstein Declaration, ¶ 3, 6. TFI continued to enter into its own advertising placement order contracts with Babcox on a prepaid basis in 2019, after the TFI/Hillman Agency failed to pay for the 2018 placements at issue herein. TFI's persistent business transactions with Babcox in Ohio between 2014 and 2019, individually, and in association with Hillman, confers jurisdiction over it in this state.

In or around 2017, TFI informed Babcox it would be working in conjunction with its agent Hillman to place ads in Ohio, and to expect placement orders from them in 2018. TFI/Hillman then placed approximately 100 ads with Babcox through December of 2018, bearing both the TFI and Hillman logos. TFI also informed SMP it would be working with Hillman, to assist it with placing ads with Babcox. SMP continued to make its payments to TFI, with the understanding that TFI would ensure payment to Babcox in Ohio as it had

done in the past. Eckstein Declaration, ¶ 7. At the same time in late 2018, TFI and Hillman, identifying themselves as a collective Agency, entered into a joint Statement of Work agreement with SMP, to provide comprehensive advertising services beginning on January 1, 2019, for a renewable 1 year term. That Statement of Work also bears the same TFI/Hillman logos as are found on the 2018 Babcox placement orders in this action. Eckstein Declaration, ¶ 8, Exhibit 1. When SMP learned that the money it gave to TFI to pay Babcox had not in fact been forwarded to Babcox in Ohio as had been done in the past, it terminated the TFI/Hillman Agency Statement of Work agreement. Id. TFI then continued to place its own prepaid placements with Babcox in 2019. Under the circumstances, it cannot reasonable be disputed that TFI, individually and acting in conjunction with its agent Hillman, transacted business with Babcox in Ohio, giving rise to specific jurisdiction.

TFI's President Ball acknowledges in her Declaration that TFI has been a party to contracts with Babcox, but then tries to qualify that by saying it was not a "principal party" to those agreements. Ball Declaration ¶ 13. At ¶ 14, Ball admits that "On a number of occasions, TFI acted as the placement agent for certain insertion orders sent to Babcox on behalf of TFI's advertiser clients." Ball notes that its agent Hillman acted as the placement agent for the insertion orders at issue in this action. Of course those orders were placed on behalf of the joint TFI/Hillman Agency, so it would have been redundant for both Hillman and TFI to place the orders. TFI received and controlled SMP's payments due to Babcox, but rather than paying Babcox directly as it had done so many times before, TFI instead chose to delegate the payment obligation to Hillman on behalf of their joint Agency.

It cannot reasonably be debated that TFI conducted substantial business with Babcox in Ohio between 2014 and 2019, individually, and in conjunction with its agent Hillman. It is thus not surprising that the joint 2018 TFI/Hillman orders bear the same logo as is found on the Statement Of Work these entities executed with SMP in the same time frame. It is clear this Honorable Court has

8.

jurisdiction over the within dispute between Babcox and TFI.

### Requiring TFI to Litigate This Case In Ohio Comports With Due Process.

"The Due Process inquiry requires determining "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)*)." *Delta Media Group, Inc. v. Kee Group, Inc.,* Case No. 5:07CV0159, United States District Court for the Northern District of Ohio, Eastern Division, October 31, 2007. "The purposeful availment requirement is "the *sine qua non of in personam* jurisdiction." *Southern Machine, 401 F.2d at 381-82*. The requirement is satisfied when the defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State," and when the defendant's conduct and connection with the forum are such that he "should reasonably anticipate being haled into court there." *CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996)*(citations omitted). This requirement ensures that a defendant is not haled into a jurisdiction based on random, fortuitous or attenuated contacts, or as the result of unilateral activity of another party or a third person. *Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)*(citations omitted)." *Delta Media Group, Inc.*, *supra*, at p. 8.

TFI entered into numerous agreements with Babcox in Ohio. After receiving SMP's money, TFI failed to pay Babcox as it had done in the past, and instead forwarded the funds to its agent Hillman, without making sure Babcox was compensated. TFI could certainly "envision" being haled into court in Ohio to answer for the business operations it set in motion and participated in. TFI's actions have had a substantial connection and realistic impact on Ohio commerce. They are anything but random, fortuitous or attenuated. Requiring TFI to defend this action in Ohio fully comports with due process. Its lack of

physical presence in Ohio is no impediment to this court's jurisdiction.

> ## II. The Amended Complaint States a Claim Against TFI Upon Which Relief Can Be Granted.

In *Emco Corporation, et al. v. Miller Transfer & Rigging Co.*, Case No. 5:19-cv-2418

United States District Court, N.D. Ohio, Eastern Division, 2020 WL 1915254, this court held:

> I.      Standard on a Motion to Dismiss
>
> A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the Twombly dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).
>
> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Id. at p. 1-2.

Plaintiff's Amended Complaint contains a clear, plain statement of factual allegations, which plausibly give rise to entitlement to relief against TFI, and provides in pertinent part:

10.

## COUNT I
### (Breach of Contract)

18. Defendants [TFI and Hillman] placed Orders for Plaintiff to perform approximately 80 separate publication services, and Babcox fully, properly and faithfully performed all material aspects and conditions precedent of those Orders.

19. Despite receiving payment from the advertisers for Plaintiff's work, Defendants violated their agreements with Babcox by failing to pay for the Orders they placed, and are thus in material breach of contract.

20. As a direct, proximate and foreseeable result of Defendants' breach of contract, Plaintiff is entitled to recover actual damages in the amount not less than $113,106.86, plus interest, attorneys' fees and the costs of this action.

## COUNT II
### (Unjust Enrichment)

21. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 20, inclusive, above, as if fully rewritten herein.

22. Plaintiff provided valuable services to the Defendants at their request, which resulted in profits to TFI and the Hillman Defendants.

23. Defendants requested and accepted the benefit of Babcox's publication services, yet failed and refused to pay Plaintiff for same, despite receiving payment from the advertisers, and making repeated promises to pay.

24. As a result of the foregoing, Defendants have been unjustly enriched and Babcox has suffered a harsh, unreasonable forfeiture.

25. As a direct, proximate and foreseeable result of Defendants' unjust enrichment Plaintiff is entitled to recover actual damages an amount not less than $113,106.86, plus interest, attorneys' fees and the costs of this action.

It is entirely plausible, if not likely that TFI, working with its agent Hillman, are jointly responsible for the placement orders contracts they made with Babcox bearing their logos, working collectively here in the same manner they did as the Agency, which they identified themselves as in the SMP Statement of Work Agreement they prepared and executed in the same time frame. It must also be accepted as true that SMP directly paid TFI for the Babcox orders, as established in the Eckstein Declaration, with the express agreement that TFI will pay Babcox as it had done so many times in the past. TFI cannot wash its hands of liability, simply because those TFI and Hillman agreed among themselves that TFI would forward the money received from SMP to Hillman for payment of their joint orders in this instance.

The carefully worded Declaration of TFI President Elizabeth Ball, the same person who signed the TFI/Hillman Agency Statement of Work agreement, actually supports jurisdiction, and that fact that Plaintiff's claim should not be dismissed at this initial stage of the proceedings. Ball states "TFI has never been a *principal* party to any contract with plaintiff Babcox Media, Inc.", thereby acknowledging TFI has been a party to contracts with Babcox. Ball Declaration, ¶ 13. Ball further admits "On a number of occasions, TFI acted as the placement agent for certain insertion orders sent to Babcox on behalf of TFI's advertiser clients." Ball Declaration ¶ 14. This establishes that TFI has been the placement agent for insertion orders sent to Babcox in Ohio. As demonstrated previously, TFI actually placed a large number of orders with Babcox

for SMP and others between 2014 and 2019. Ball also notes "HillCorp acted as placement agent for the ads at issue in this case, sending insertion orders to Babcox directly." Id. at ¶ 19. But Ball fails to fill in the missing part of its relationship with Hillman, that being that TFI represented to Babcox that it would be placing Insertion Orders jointly with Hillman in this instance, the Insertion Orders bear both company logos, and at the time these Insertion Orders were placed, TFI and Hillman were entering into the joint Statement of Work agreement with SMP, bearing both company logos as well, identifying the two companies jointly as the Agency. That joint Agency is exactly who placed the ads with Babcox at issue herein. It is disingenuous for Ball to suggest Hillman was somehow an entity TFI was not intimately involved with, or did not work with in placing the Insertion Orders.

Discovery can reveal the inner working of the TFI/Hillman Agency's joint and several liability for the subject orders. But for TFI's participation in the orders bearing its logo, Babcox would not have accepted the joint placement orders from the TFI/Hillman Agency in the first place. See, Cira Declaration. Babcox has stated a powerful claim against TFI for breach of the subject placement orders. TFI is squarely in the middle of all these transactions.

It also cannot be presumed that TFI was not unjustly enriched by receiving payment from SMP for the joint placements it made with Hillman.

> [P42] To prevail on a claim for unjust enrichment, a plaintiff must prove by a preponderance of the evidence that: (1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit and (3) the defendant retained that benefit under circumstances in which it would [***23] be unjust for him or her to retain that benefit. *Johnson* at ¶ *21*; *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 183, 12 Ohio B. 246, 465 N.E.2d 1298 (1984*)*

*Cleveland Central Catholic v. Mills*, 2018-Ohio-4873 (8th Dist.).

Discovery is necessary to determine just how much TFI paid itself with SMP's funds, before giving Babcox's money to the Hillman wing of their venture, without making any reasonable assurance Plaintiff would be paid. Plaintiff conferred a benefit upon TFI by publishing the subject orders with TFI's knowledge, and the interests of justice compel that it should not be entitled to retain any related benefit received. Having made this reasonable claim, Babcox has also stated a plausible unjust enrichment claim against TFI.

## **CONCLUSION**

For the reasons set forth herein, Defendant TFI's Motion to Dismiss should be denied.

Respectfully submitted,

Weltman Weinberg & Reis Co. LPA

*/s/Roy J. Schechter*
Roy J. Schechter (0034689)
965 Keynote Circle
Cleveland, OH 44131
(216) 685-1062
(216) 363-6913 - Fax
rschechter@weltman.com
Counsel for Plaintiff

14.

LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Civil Rule 7.1(f), I hereby certify that this case has tentatively been assigned to the Standard Track (Dkt. No. 7). The foregoing Memorandum adheres to the 20-page limitation of rule 7.1(f) for cases assigned to the Standard Track.

/s/ Roy J. Schechter

CERTIFICATE OF SERVICE

A copy of the foregoing was filed on the 12th day of February, 2021, and served electronically upon Counsel of record by the Court's electronic filing system on the day this Memorandum was accepted for filing:

Scott D. Simpkins
sdsimp@climacolaw.com
CLIMACO, WILCOX, PECA, & GAROFOLI CO., L.P.A.
55 Public Square, Suite 1950 Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632

Alexander Mirkin
amirkin@offitkurman.com
OFFIT KURMAN
10 E. 40th Street 25th Floor
New York, NY 10016
Telephone: (212) 545-1900
Facsimile: (212) 545-1656

Attorneys for Defendant TFI Envision, Inc.

/s/ Roy J. Schechter
Roy J. Schechter