# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BABCOX MEDIA, INC., | ) | CASE NO. 5:19-cv-1786 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TFI ENVISION, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on defendant TFI Envision, Inc.'s ("TFI") motion to dismiss (Doc. Nos. 37 (Motion) and 37-1 (Memorandum in Support)) the amended complaint of plaintiff Babcox Media, Inc. ("Babcox") (Doc. No. 17 (Amended Complaint)). Babcox opposed the motion (Doc. No. 39 (Opposition to the Motion)), and TFI filed a reply (Doc. No. 41 (Reply in Support of Motion)).

For the reasons that follow, TFI's motion is denied.

## I.  Background

Babcox is an Ohio corporation with its principal place of business in Akron, Ohio. It supplies media services in Ohio and elsewhere, including paper and online publications. (Doc. No. 17 ¶ 6.) TFI is an advertising agency and media buyer for clients, including clients who place automotive advertising in media published by Babcox in Ohio. (*Id.* ¶ 7.) TFI is a Connecticut corporation with its principal place of business in Connecticut. (*Id.* ¶ 2.) TFI has negotiated and entered into numerous agreements with Babcox between 2015 and 2019 to place advertising for clients both on its own account and jointly with defendants Sean-Patrick Hillman ("Hillman"),

1

Hillstory Media ("Hillstory"), and Hillcorp, LLC ("Hillcorp") (collectively, the "Hillman defendants" or "Hill"). (*Id*. ¶ 8.) Hillman is a resident of New York, doing business through Hillstory and Hillcorp. Hillcorp is a Delaware limited liability company with its principal place of business in New York, New York. (*See id*. ¶¶ 3–4.) Babcox alleges that the amount in controversy between plaintiff and defendants exceeds $75,000.00 and brings this action pursuant to the Court's diversity subject matter jurisdiction, 28 U.S.C. § 1332(a). (*Id*. ¶ 5.)

The specific facts that give rise to this action are alleged in the amended complaint as follows. For many years, Babcox provided media services for advertisers such as Standard Motor Products ("SMP") and Old World Industries ("OWI"), including orders placed between 2015 and 2019 by TFI on its own account and jointly with the Hillman defendants. Babcox did business directly with TFI for years but did not do business with the Hillman defendants until TFI began working in conjunction with them around 2018. (*Id*. ¶¶ 9–10.)

In 2018, TFI contacted Babcox about placing advertisements in association with the Hillman defendants for advertisers SMP and OWI with the understanding that the defendants would place the advertisement orders, receive payment from the advertisers, and forward the payments to Babcox for the advertising work it performed. (*Id*. ¶ 11; *see id*. at 10–17.[1]) Attached to amended complaint are copies of approximately 80 ad orders for SMP and OWI bearing both TFI and Hillstory logos.[2] (*Id*. ¶ 12.) The orders state that "Hillstory Media will bill the advertiser,

---

[1] Page number references are to the consecutive page numbers attached to each individual document by the Court's electronic filing system.

[2] "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id*. at 335–36 (citation omitted).

2

and upon receipt of payment due, will remit the amount due to the media vendor [Babcox] upon payment due date." (*Id*. ¶ 13; *see also id*. at 10.) Babcox alleges that it fully performed the media services ordered by TFI and the Hillman defendants and the advertisers paid them for Babcox's work, but neither TFI nor the Hillman defendants forwarded payment to Babcox for its services. (*Id*. ¶¶ 14–16.) These unpaid orders, totaling at least $113,106.86, form the basis for Babcox's claim against TFI for breach of contract (count I) and unjust enrichment (count II). (*Id*. ¶¶ 17–25.)

TFI does not dispute that Babcox was not paid for the advertising orders at issue in this lawsuit and acknowledges that the Hillman defendants "absconded with the money." (*See* Doc. No. 37-1 at 5.) But TFI claims that the ads were ordered by Hillstory and TFI did not enter into any contract with Babcox, had no direct dealings with Babcox, and did not purposefully avail itself of the privilege of acting in Ohio. "Beyond working with [the Hillman defendants] for shared clients, being credited for its creative work, and introducing Babcox to [the Hillman defendants], TFI has no connection to this dispute or to Ohio." (*Id*.)

On this basis, TFI moves to dismiss the complaint pursuant to both Fed. R. Civ. P. 12(b)(2) and 12(b)(6). TFI contends that the Babcox's claims against it should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction and, in addition, counts I and II for breach of contract and unjust enrichment should be dismissed under Rule 12(b)(6) as to TFI[3] for failure to state a claim.

The Court begins with the threshold issue of personal jurisdiction because without personal jurisdiction over a defendant a court cannot proceed on the merits of the case as to that defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

---

[3] Counts I and II are asserted against all defendants. Counts III, IV, and V are asserted only against the Hillman defendants.

3

## II. TFI's Rule 12(b)(2) Motion

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a defendant where the Court lacks personal jurisdiction over that party. Babcox bears the burden of making a *prima facie* showing that this Court has personal jurisdiction over TFI. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

In support of its Rule 12(b)(2) motion, TFI submits the declaration of Elizabeth Ball, TFI's president and creative director. (Doc. No. 37-2). In the face of a supported motion to dismiss for lack of personal jurisdiction, Babcox may not rest upon its pleadings but must, by affidavit or otherwise, set forth specific evidence supporting personal jurisdiction of this Court over TFI. *Theunissen*, 935 F.2d at 1458. In opposition to TFI's Rule 12(b)(2) motion (Doc. No. 39), Babcox submits the declarations of Greg Cira, its president (Doc. No. 39-1 at 1–26), and Jay Eskstein, SMP's director of marketing services (*id*. at 27–32).

When deciding TFI's Rule 12(b)(2) motion the Court may, in its discretion: (1) decide the motion on affidavits alone, (2) permit discovery in aid of deciding the motion, or (3) conduct an evidentiary hearing to resolve any apparent factual questions. *Theunissen*, 935 F.2d at 1458; *see Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006). Having reviewed the parties' briefs and declarations attached thereto, the Court concludes that a hearing will not assist the Court and that TFI's Rule 12(b)(2) motion may be resolved on the submissions. When the Court elects to decide the motion upon the written submissions, it must view the declarations, pleadings and related documentary evidence in the light most favorable to the

plaintiff.[4] *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Where, as here, a district court decides the issue solely on the basis of written materials and affidavits, "the burden on the plaintiff is relatively slight, . . . and the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal[.]" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (internal quotation marks and citations omitted). A plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal quotation marks and citation omitted). "Dismissal [is] only proper if all of the specific facts [plaintiff] alleged collectively fail[] to state a *prima facie* case for jurisdiction under the appropriate standards." *Theunissen*, 935 F.2d at 1459; *see also Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir. 1997).

To assert personal jurisdiction over a defendant, a federal court with subject matter jurisdiction pursuant to 28 U.S.C. § 1332 must find that: (1) defendant is amenable to service of process under the forum state's long-arm statute, and (2) the exercise of personal jurisdiction will not deny defendant due process. *See Theunissen*, 935 F.2d at 1459; *see also Chapman v. Lawson*, 89 F. Supp. 3d 959, 970 (S.D. Ohio 2015) ("Under Ohio law, personal jurisdiction over non-resident defendants exists only if: (1) Ohio's long-arm statute confers jurisdiction, *and* (2) the requirements of the federal due process clause are met.") (emphasis in original) (citations omitted).

Ohio's long-arm statute, Ohio Rev. Code § 2307.382(A), provides for personal jurisdiction over a non-resident if that person's conduct falls within one of the nine bases for jurisdiction listed

---

[4] That said, the Court is not precluded from considering undisputed factual representations of the defendant that are consistent with the representations of the plaintiff. *Kerry Steel, Inc v. Paragon Indus., Inc.,* 106 F.3d 147,153 (6th Cir. 1997).

in the statute. The due process inquiry requires determining "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen*, 935 F.2d at 1459 (quoting *Int'l Shoe Co. v. State of Wash.,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

## B. Analysis

### 1. Ohio's long arm statute

Babcox contends that this Court has jurisdiction over TFI under Ohio's long arm statute § 2307.382(A)(1). Under that section, the Court "may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this state[.]"

Babcox alleges in the complaint and offers two declarations in support of its argument that the advertising orders at issue here and attached to the amended complaint—which bear the logos of both TFI and Hillstory—were entered by Hillstory in an agency relationship with TFI. (*See* Doc. No. 17 ¶¶ 10–12; *id*. at 10–17; Doc. No. 39-1 at 1–2 (¶¶ 4 –5); *id* at 27–28 (¶¶ 5–7)). In support of its allegation that TFI and Hillstory were in an agency/partnership relationship at the time the orders at issue were placed, Babcox attaches the declarations of Greg Cira, its president, and Jay Eckstein, SMP's director of marketing.

Greg Cira, Babcox's president, avers that in around 2018, TFI informed Babcox that it would be purchasing orders for SMP and other advertisers "working jointly with Hillman as its partner or agent [] because Hillman allegedly had expertise in various online media platforms." TFI indicated that it would receive the payment from SMP and other advertisers itself (as it had

when TFI alone placed ad orders with Babcox for SMP), "and ensure Babcox was paid for its services." Babcox subsequently received a large number of advertising orders "bearing both the TFI and Hillman logos[.]" (Doc. No. 39-1 at 1–2 (¶¶ 3–5).) All of the orders attached to the amended complaint bearing the logos of both TFI and Hillstory and at issue here are dated between 12/21/17 and 4/20/18. (*See* Doc. No. 17 at 10–17; *see also* Doc. No. 39-1 at 12–18.)

Jay Eckstein, SMP's director of marketing services, avers that in 2017 and 2018 SMP became aware that TFI "engaged Hillstory to assist it with the placement of its advertisements with Babcox; however, SMP continued to make all payments due relating to such advertisements to TFI." (Doc. No. 39-1 at 28 (¶ 7).) Eckstein further avers that in a proposal dated January 25, 2018, "TFI and Hillstory, acting jointly as the "'Agency,'"[5] provided SMP with a Statement of Work agreement ("SOW"), signed by both Elizabeth Ball of TFI and Carol Karpa of Hillstory. In the SOW, both TFI and Hillstory were to perform extensive media placement services for SMP "beginning on January 1, 2019." (*See id*. (¶ 8); *see also id*. at 29–32.) Like the 2018 advertising orders attached to the amended complaint, the 2018 SOW bears the logos of both TFI and Hillstory.[6]

TFI argues that only Hillstory signed the advertising orders at issue here and, on the face of the orders, is responsible for payment to Babcox. But under Ohio's long arm statute, a person may be subject to personal jurisdiction whether acting directly or through an agent. *See* Ohio Rev.

---

[5] The 2018 Statement of Work bears the logos and principal signatures of both TFI and Hillstory and uses the word "Agency" to describe the entity providing advertising services to SMP but does not define the term. (*See* Doc. No. 39-1 at 29–32.)

[6] While the 2018 advertising orders for SMP at issue in this action were not placed under the SOW in 2019, the 2018 SOW bearing the same dual logo as the 2018 SMP ad orders, and signed by both TFI and Hillstory, supports an inference in favor of Babcox's argument that the two entities were working together in an agency relationship at the time the 2018 orders were placed.

7

Code § 2307.382(A). Based upon the allegations in the amended complaint, attachments thereto, and declarations submitted by Babcox in support of its opposition to TFI's Rule 12(b)(2) motion, taken as true and construed in a light most favorable to Babcox, support an inference that TFI and Hillstory were in some manner of agency relationship. Therefore, if the advertising orders at issue constitute "transacting any business" in Ohio, then TFI is subject to § 2307.382(A)(1) of Ohio's long arm statute.

"Transacting any business" in the state is broadly defined by the Ohio Supreme Court as meaning "to carry on business" and "to have dealings," and is "broader than the word 'contract[.]'" *Faurecia Exhaust Sys., Inc. v. Walker*, 464 F. Supp. 2d 700, 706 (N.D. Ohio 2006) (quoting *Douglas v. Modern Aero, Inc.,* 954 F. Supp. 1206, 1210–11 (N.D. Ohio 1997) (citing among authority *Ky. Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N. E. 2d 477, 480 (1990))). "Transacting any business" also includes "to prosecute negotiations." *Burnshire Dev., LLC*, 198 F. App'x at 431. "'[P]ersonal jurisdiction does not require physical presence in the forum state.'" *Id.* at 422 n.4 (quoting *Goldstein v. Christiansen,* 638 N.E.2d 541 (Ohio 1994)).

Here, TFI's contact with Babcox introducing Hillstory combined with the subsequent placement of multiple advertising orders with Babcox over several months on letterhead bearing both TFI's and Hillstory's logos, and payment obligations to Babcox incurred in connection with those orders, falls within the broad definition under Ohio's long-arm statute of "transacting any business." *See Mid-W. Materials, Inc. v. Tougher Indus., Inc.*, 484 F. Supp. 2d 726, 729 (N.D. Ohio 2007) (holding that New York buyer that purchased steel from Ohio seller transacted business in Ohio by purchase orders dated October 2005 through February 2006 placed by buyer's purchasing agent, and failed to pay over $91,000.00 for the steel, transacted business within the

meaning of Ohio's long arm statute and was subject to personal jurisdiction in Ohio); *see also Ky. Oaks Mall Co.*, 559 N.E.2d at 479–80 (commercial nonresident lessee "transacted business" in Ohio for purposes of personal jurisdiction under Ohio's long-arm statute where lessee negotiated lease and was obligated to make payments to its lessor in Ohio). And Babcox's causes of action against TFI—breach of contract and unjust enrichment—arise directly from nonpayment of the advertising orders at issue here.

Accordingly, the Court finds that TFI is amenable to jurisdiction in Ohio under the "transacting any business" clause of Ohio's long arm statute.

**2. Due Process Analysis**

The Court must next determine whether the exercise of personal jurisdiction over TFI comports with the due process clause. In order to satisfy that constitutional requirement, defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (quotation marks and citation omitted).

Personal jurisdiction exists in two forms: "general" and "specific." *Conti v. Pneumatic Prods. Corp.,* 977 F.2d 978, 981 (6th Cir. 1992). General jurisdiction exists over a defendant when his "contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Grp. Inc.,* 882 F.2d 1087, 1089 (6th Cir. 1989). Specific jurisdiction exists when a plaintiff's claims arise out of or relate to a defendant's contacts with the forum state; that is, there is a nexus between a defendant's

contacts in the forum state and plaintiff's claim. *Kerry Steel, Inc.,* 106 F.3d at 149; *Conti,* 977 F.2d at 981.

Babcox contends that this Court has both general and specific personal jurisdiction over TFI.

### *General jurisdiction*

In order for a non-resident defendant to be subject to general jurisdiction in the forum state, the defendant's contacts must be "continuous and systematic." *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012) ("The Supreme Court has declined to define an explicit test for general jurisdiction but has repeatedly held that for a non-resident defendant to be subject to the general jurisdiction of the forum state, his contacts with that state must be 'continuous and systematic.'") (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 & n.9, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). Babcox contends that TFI has placed numerous advertising orders between 2015 and 2019, both on its own account and in conjunction with the Hillman defendants, and that these "persistent business transactions" with Babcox in Ohio confers general jurisdiction over TFI in Ohio. (*See* Doc. No. 39 at 10–11.) Babcox's president, Greg Cira, avers that between 2015 and 2019, "TFI has negotiated and entered into numerous placement agreements with [Babcox] in Ohio, bought and placed direct client advertising with Babcox in Ohio, and paid [Babcox] itself for advertising services performed in Ohio pursuant to TFI's orders[.]" (Doc. No. 39-1 at 1 (¶ 3).) TFI's president, Elizabeth Ball, acknowledges that TFI has placed advertising orders with Babcox for TFI's clients for a number of years, but avers that none of those orders are at issue in this case. (Doc. No. 37-2 ¶ 14.)

Babcox's argument that this Court has general jurisdiction over TFI is unavailing. General jurisdiction over a non-resident corporation occurs only when its "affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (citing *Int's Shoe,* 326 U.S. at 317). TFI's purchase of ads from Babcox in Ohio over several years does not constitute continuous and systematic contacts with the state of Ohio necessary to support general jurisdiction. *See Allied Mach. & Eng'g Corp. v. Jewell Mach. & Fabrication, Inc.*, No. 1:10-cv-2682, 2011 WL 2292191, at *5 (N.D. Ohio June 7, 2011) ("Although plaintiffs argue that defendants also made purchases from Ohio, purchases alone are not enough to warrant the exercise of general jurisdiction over an out-of-state defendant.") (citing *Helicopteros Nacionales de Colombia, S.A.,* 466 U.S. at 418). Moreover, the Sixth Circuit has determined that "Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under one of the bases of jurisdiction listed in Ohio's long-arm statute." *Conn*, 667 F.3d at 717; *see also Commodigy OG Vegas Holdings LLC v. ADM Labs*, 417 F. Supp. 3d 912, 920 (N.D. Ohio 2019) ("[T]he Sixth Circuit has concluded that Ohio law does not recognize general jurisdiction over non-resident defendants.") (citing *Conn*, 667 F.3d at 717).

### *Specific jurisdiction*

The Sixth Circuit has set forth a three-part test for analyzing the issue of specific personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences

> caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)

With respect to the first prong—purposeful availment—TFI is not subject to jurisdiction in Ohio unless it sought the benefit of operating in the state. *Burnshire Dev., LLC*, 198 F. App'x at 431 (quoting *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000)). "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." *Burger King v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

Here, TFI's alleged contacts with the State of Ohio are not "random, fortuitous, or attenuated," which is insufficient to satisfy the first prong of the due process analysis. *Burnshire Dev., LLC*, 198 F. App'x at 431 (citing *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)). TFI's argument that Hillstory, not TFI, made the decision to direct the advertising business to Babcox in Ohio is unavailing. Babcox has sufficiently alleged that TFI, either directly or through an agency relationship with Hillstory, deliberately sought to do business with Babcox in Ohio with respect to the advertising orders at issue here. Moreover, the Sixth Circuit has determined that the purposeful availment prong of the constitutional analysis is coextensive with the "transacting any business" standard of Ohio's long arm statute. *See Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 164 (S.D. Ohio 2012) (citing *Burnshire Dev., LLC,* 198 F. App'x at 432) ("[W]e conclude that the Ohio "transacting any business" standard is coextensive with the purposeful availment prong of the constitutional analysis.")). Accordingly, the first prong of the due process analysis is satisfied.

With respect to the second prong, the cause of action must arise from defendant's activities in the state. This prong of the analysis is satisfied as Babcox's cause of action against TFI—breach of contract and unjust enrichment—arise from nonpayment of advertising orders attached to the amended complaint and at issue here.

As to the third prong, TFI's actions must constitute a substantial connection with Ohio such that the Court's exercise of personal jurisdiction is reasonable. Where, as here, the Court finds that TFI purposefully availed itself of the privilege of doing business in Ohio, and that the cause of action arises from that contact, there is an inference that the third factor is satisfied and that the exercise of personal jurisdiction in Ohio is reasonable. *See Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir. 1998) (citing, among authority *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1268 (6th Cir. 1996)).

Because the Court decides TFI's motion to dismiss for lack of personal jurisdiction on the parties' submissions, the Court must construe the pleadings and declarations in a light most favorable to Babcox, draw all reasonable inferences in its favor, and determine whether Babcox has made a *prima facie* showing that this Court has personal jurisdiction over TFI in Ohio. *Bird*, 289 F.3d at 872 (the court must consider the pleadings and affidavits in a light most favorable to the plaintiff and draw all permissible inferences in favor of plaintiff on a motion to dismiss for lack of personal jurisdiction at this stage of the proceedings because no evidentiary hearing or discovery has occurred) (citing *CompuServe, Inc.,* 89 F.3d at 1261–62). Applying this standard, the Court concludes that Babcox has made a *prima facie* showing that TFI, acting directly or in an agency relationship with Hillstory, transacted business in the state of Ohio within the meaning of Ohio's long-arm statute (Ohio Rev. Code §2307.382(A)(1)), and that TFI has sufficient minimum

13

contacts with the State of Ohio such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe*, 326 U.S. at 316.

For all the foregoing reasons, the Court concludes that Babcox has carried its burden to establish a *prima facie* case of specific personal jurisdiction over TFI with respect to the advertising orders at issue here. TFI's Rule 12(b)(2) motion to dismiss is denied.

### III. TFI's Rule 12(b)(6) Motion

#### A. Standard of review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) ("When determining whether [plaintiff's] complaint meets this standard 'we accept as true its factual allegations and draw all reasonable inferences in his favor, but we disregard any legal conclusions.'") (quoting *Rudd v. City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020)) (further citation omitted). "The pleading standard is generally construed quite liberally." *Ryan*, 979 F.3d at 524 (citing *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 625 (6th Cir. 2013)). But

14

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## B. Analysis

### 1. Breach of contract

Under Ohio law,[7] the elements of a breach of contract claim that must be established in order to prevail are: "(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *Issuer Advisory Grp. LLC v. Tech. Consumer Prods., Inc.*, No. 5:14-cv-1705, 2015 WL 458113, at *3 (N.D. Ohio Feb. 3, 2015) (quoting *V & M Star Steel v. Centimark Corp.,* 678 F.3d 459, 465 (6th Cir. 2012) (citing, among authorities, *Savedoff v. Access Grp., Inc.,* 524 F.3d 754, 762 (6th Cir. 2008))). In the amended complaint, Babcox pleads the existence of a contract (the advertising orders), performance by plaintiff, breach by TFI, and loss to Babcox (nonpayment) as a result of the breach. (*See* Doc. No. 17 ¶¶ 9–16.)

TFI argues that Babcox has not stated a plausible claim for breach of contract because Hillstory, not TFI, signed the advertising orders at issue and the orders state that Hillstory will collect payment from the client and pay Babcox for the work. (*See* Doc. No. 17 at 10.) But Babcox alleges that TFI told Babcox that it would be "working in association with its online advertising

---

[7] Neither side addresses the issue of controlling law nor performs a choice of law analysis. Babcox cites Ohio law in support of its opposition to TFI's Rule 12(b)(6) motion. (*See* Doc. No. 39 at 16–17.) TFI contends that it has never been a party to a contract that applied Ohio law (*see* Doc. No. 37-1 at 7 (citation omitted)), but in its reply, TFI does not challenge Babcox's use of Ohio law in its opposition analysis. A federal court sitting in diversity applies the choice of law rules of the forum state. *Wallace Hardware Co, Inc. v. Abrams*, 223 F.3d 382, 391 (6th Cir. 2000). Under Ohio law, the law of the state with the most significant relationship to the transaction and the parties applies to decide contract cases. *Hagberg v. Delphi Auto. Sys.*, 268 F. Supp. 2d 855, 861 (N.D. Ohio 2002). Here, Babcox is a citizen of Ohio, TFI is a citizen of Connecticut, and the Hillman defendants are citizens of New York. Of the three, this Court finds that Ohio has the most significant relationship to the contract at issue because Babcox is located in Ohio and performed the contracts at issue in Ohio, and the cause of action (nonpayment) arose in Ohio. Accordingly, for the purpose of ruling on TFI's Rule 12(b)(6) motion, the Court will apply Ohio law.

agent[,] the Hillman Defendants" for the advertising orders at issue here, which bear the logos of both TFI and Hillstory. (*See* Doc. No. 17 ¶¶ 11–12.)

Under Ohio law, a principal has the right to do business in its own name or in the name of its agent, and the fact that TFI did not sign the advertising orders does not mean that TFI cannot be liable under the agreements. *See Bd. of Educ. Toronto City Schs. v. Am. Energy Utica, LLC*, 152 N.E.3d 378, 390 (Ohio Ct. App. 2020) (citations omitted), *appeal not allowed sub nom. Toronto City Schs. Bd. of Educ. v. Am. Energy Utica, L.L.C.*, 146 N.E.3d 586 (Ohio 2020). TFI contends Babcox's allegation that Hillstory is TFI's agent is contradicted by the contracts, which identify Hillstory as the advertiser's agent with respect to the ad placement and payment of Babcox's fee: "Hillstory Media acts only as an agent for the advertiser and does not guarantee payment from the advertiser, who is solely responsible for payment of this order. Hillstory Media will bill the advertiser and, upon receipt of payment due, will remit the amount due to the media vendor[.]" (*See* Doc. No. 17 at 10.) But TFI's argument only addresses the issue that Babcox's payment must first come from the advertiser to Hillstory, who then remits the payment to Babcox. Babcox's allegation is that Hillstory entered the ad agreement with Babcox as TFI's agent, that the advertiser (SMP or OWI) paid Hillstory or TFI, who did not then remit Babcox's fee to Babcox as per their agreement with Babcox. (*See id*. ¶¶ 13–15.) The advertising orders attached to the amended complaint do not contradict Baabcox's claim that TFI and Babcox were in an agency relationship with respect to their agreement with Babcox, and this issue is better left for a later time after the parties have engaged in discovery.

16

### 2. Unjust enrichment

To state a claim for unjust enrichment under Ohio law, a plaintiff must allege: "'(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.'" *L & H Leasing Co. v. Dutton,* 612 N.E.2d 787, 791 (Ohio Ct. App. 1992) (quoting *Hambleton v. R.G. Barry Corp.,* 465 N.E.2d 1298, 1302 (Ohio 1984)). In support of this claim, Babcox alleges that the advertisers paid TFI for the advertising orders, but TFI did not remit payment to Babcox for its work. To the extent that TFI is not liable in contract, Babcox contends that TFI has been unjustly enriched by collecting Babcox's fee from the advertiser but failing to remit that payment to Babcox. (Doc. No. 17 ¶¶ 13–16, 21–24.)

TFI argues that, as a matter of law, Babcox cannot recover TFI's profits under an unjust enrichment theory. (Doc. No. 37-1 at 14.) But TFI's profits are not the gravamen of Babcox's unjust enrichment claim—Babcox is seeking recovery of its publication fees which, it alleges, was collected from the client by TFI but not remitted to Babcox in accordance with the advertising order. (Doc. No. 17 ¶ 23 ("Defendants requested and accepted the benefit of Babcox's publication services, yet failed and refused to pay Plaintiff for same, despite receiving payment from the advertisers and making repeated promises to pay.").)

Accepting Babcox's well-pleaded allegations as true, the Court concludes that Babcox has plausibly alleged an unjust enrichment claim against TFI directly as to its own conduct or the conduct of its alleged agent, Hillstory.

## IV. Conclusion

At this stage, Babcox has carried its burden to establish a *prima facie* case of specific personal jurisdiction over TFI with respect to the advertising orders at issue here. Additionally, Babcox is not required, at the pleading stage, to prove that the factual allegations in the amended complaint entitle it to relief. Babcox need only demonstrate that the factual allegations are sufficient to raise the right to relief above the speculative level on the assumption that the allegations are true. *Twombly*, 550 U.S. at 555. Discovery will bear out the facts but, at this stage of the litigation, taking Babcox's allegations as true and making all reasonable inferences in Babcox's favor, the Court finds that it has plausibly alleged a breach of contract and unjust enrichment claim against TFI. TFI's Rule 12(b)(6) motion is denied.

For all the foregoing reasons, TFI's motion to dismiss is denied. A case management conference scheduling order will be separately published.

**IT IS SO ORDERED**.


Dated: September 7, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**