# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BABCOX MEDIA, INC., | ) | CASE NO. 5:19-cv-1786 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TFI ENVISION, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of plaintiff Babcox Media, Inc. ("plaintiff" or "Babcox") for default judgment against defendants Sean-Patrick Hillman, Hillstory Media ("Hillstory"), and Hillcorp, LLC ("Hillcorp") (collectively the "Hillman defendants") pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. No. 59.) For the reasons that follow, default judgment is granted.

## I.  Background

According to the amended complaint, Babcox supplies media services in paper and online publications. (Doc. No. 17 ¶ 6.) Plaintiff alleges that defendant Sean-Patrick Hillman is the controlling owner, officer, shareholder and/or member of defendants Hillcorp and Hillstory and that he exercised complete control over Hillcorp and Hillstory such that those entities had no separate mind or existence of their own and were Sean-Patrick Hillman's alter ego. (*Id.* ¶¶ 36, 37.) In the amended complaint, Babcox refers to Sean-Patrick Hillman, Hillcorp, and Hillstory collectively as the "Hillman Defendants." (*See id.* ¶ 8.)

The Hillman defendants were essentially middlemen between advertisers and Babcox. If an advertiser desired to place advertising in a market that Babcox served, the Hillman defendants would place a purchase order for those ads with Babcox, the advertiser would pay the Hillman defendants, who would then pay Babcox. (*See id*. ¶¶ 11–13.) The Hillman defendants placed numerous orders for advertising services with Babcox between 2015 and 2019. (*Id.* ¶ 8; *see also id.* at 10–17 ("orders").[1]) Babcox performed the media services required by the orders and the Hillman defendants received payment from the advertisers, but the Hillman defendants did not pay Babcox for the advertising services that Babcox performed pursuant to the orders. (*Id.* ¶¶ 14–16.)

On these facts, the amended complaint asserts claims for: breach of contract (Count I) and unjust enrichment (Count II) against all defendants;[2] and fraud (Count III) and conversion (Count IV) against only the Hillman defendants. For each count in the amended complaint, Babcox seeks damages in the sum of $113,106.86 for unpaid services rendered. (*See id*. ¶¶ 20, 25, 29, 34.) In Count V, Babcox seeks a declaration that Sean-Patrick Hillman is personally liable for the damages sustained by Babcox as set forth in the amended complaint. For relief Babcox seeks a judgment for damages, jointly and severally, against Hillcorp, Hillstory, and Sean-Patrick Hillman. (*Id*. at 8.)

The Hillman defendants defaulted and, pursuant to application by Babcox, the Clerk entered default against them. (*See* Doc. Nos. 23, 54, 55.) Pursuant to Fed. R. Civ. P. 55(b)(2), Babcox seeks default judgment against each of the Hillman defendants—Sean-Patrick Hillman, Hillcorp, and Hillstory—in the sum of $106,871.71 for unpaid advertising services rendered by

---

[1] Page number references are to the consecutive page numbers assigned to each individual document by the Court's electronic filing system, a practice recently adopted by the Court.

[2] TFI Envision, Inc. ("TFI") was also named as a defendant, but Babcox subsequently dismissed TFI from this action. (*See* Doc. No. 58.)

Babcox, plus interest from the date of judgment as provided by law, plus the costs of this action. (Doc. No. 59-1 ¶ 6.) In support of the motion, Babcox points the Court to the record in the case and provides the affidavits of Attorney Roy Schechter. (*See* Doc. No. 59 at 1; Doc. Nos. 59-1 and 61.)

**II.    Discussion**

**A.  Federal Rule of Civil Procedure 55(b)(2)**

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the Clerk against Hillcorp, Sean-Patrick Hillman, and Hillstory pursuant to Rule 55(a). (*See* Doc. Nos. 23, 54, 55.) Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. In this case, the Court has examined the record before it and plaintiff's submissions in support of its motion for default judgment and concludes that a hearing is not necessary to rule upon the motion.

The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing among authority 10A Charles A. Wright et al., Federal Practice and Procedure § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right,

even when defendant is technically in default and that fact has been noted under Rule 55(a).")). Thus, the Hillman defendants' default does not automatically entitle plaintiff to relief.

In order to rule upon plaintiff's motion, the Court must determine whether the factual allegations in the amended complaint deemed admitted by the Hillman defendants' default, and reasonable inferences derived therefrom, are sufficient to satisfy the elements of plaintiff's legal claims for which it seeks default judgment. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016) (Even though defendant has defaulted, the Court must determine whether factual allegations accepted as true state a claim for relief with respect to the claims for which plaintiffs seek default.) (citation omitted); *see also Kwik–Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim.") (citations omitted). Legal conclusions in the complaint are not deemed admitted by the Hillman defendants' default.

In addition, "[a]n entry of default judgment requires some affirmation that the person against whom the default judgment is obtained is not (1) 'an infant or incompetent person' who is unrepresented; (2) a member of the armed services who is entitled to protection against default pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix § 401 *et seq.*; or (3) an officer or agency of the United States." *Leach v. Lifeway for Youth, Inc.*, No. 1:07-cv-200, 2008 WL 1990390, at *1 (S.D. Ohio May 1, 2008) (citing Fed. R. Civ. P. 55(b), (c), (e); Advisory Committee Notes to Fed. R. Civ. P. 55, Supplementary Note.). Such evidence typically takes the form of an affidavit by the movant that none of these prohibitions apply with respect to the defendant against whom default is sought. *See Zinganything, LLC v. Tmart UK Ltd.*, No. 5:14-cv-629, 2016 WL 362359, at *2 (N.D. Ohio Jan. 29, 2016) (citing *Leach*, 2008 WL 1990390, at *1). Babcox has satisfied this requirement as to Sean-Patrick Hillman by affidavit. (*See* Doc. No.

61.) Hillstory and Hillcorp are business entities and, as such, are not infants or incompetent persons. *See Zinganything, LLC,* 2016 WL 362359, at *2 (citing *Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09-cv-847, 2010 WL 4638057, at *1 (N.D. Ohio Nov. 5, 2010) ("As corporations, the Defaulting Defendants are clearly not infants or incompetent persons.")).

### B. Analysis

By defaulting, the Hillman defendants are deemed to have admitted all of plaintiff's well-pleaded factual allegations. *AF Holdings*, 976 F. Supp. 2d at 929 ("Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true.") (citing *Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir. 2007)). To be well-pleaded, the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *See Reid v. Herrera Harvesting LLC*, No. 2:17-cv-229, 2020 WL 2473491, at *1 (E.D. Tenn. May 13, 2020) (applying Fed. R. Civ. P. 8(a) to a complaint for which plaintiff seeks default judgment).

#### 1. Choice of law

Babcox does not specify the counts of the complaint upon which it seeks default judgment against the Hillman defendants. So, the Court will begin with Count I—breach of contract. As an initial matter, however, the Court must determine the law to be applied to Babcox's motion for default judgment against the Hillman defendants because the purchase orders attached to the amended complaint, which Babcox claims were breached by the Hillman defendants, do not specify the state law that governs the parties' agreements. (*See* Doc. No. 17 at 10–17.)

When a contract has no enforceable choice of law provision, the federal court sitting in diversity applies the choice of law rules of the forum state. *See Express Packaging of OH, Inc. v. Am. States Ins. Co.*, 800 F. Supp. 2d 886, 890 (N.D. Ohio 2011) (citing *Montgomery v. Wyeth,* 580

F.3d 455, 459 (6th Cir. 2009) (citation omitted)), *aff'd,* 486 F. App'x 562 (6th Cir. 2012). In Ohio, when a contract is silent on the choice of law, the parties' "rights and duties under the contract are determined by the law of the state that, with respect to that issue, has 'the most significant relationship to the transaction and the parties.'" *Ohayon v. Safeco Ins. Co. of Illinois*, 747 N.E.2d 206, 209 (Ohio 2001) (quoting Restatement of Conflicts, § 188(1)). In making this determination, the Court should consider the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the place of incorporation and business of the parties. *See id.* (citing § 188).

According to the amended complaint, Babcox is an Ohio corporation with its principal place of business in Akron, Ohio. (Doc. No. 17 ¶ 1.) Dismissed defendant TFI Envison, Inc. is a Connecticut corporation with its principal place of business in Connecticut. (*Id.* ¶ 2.) Defendant Hillcorp is a Delaware limited liability company with its principal place of business in New York. (*Id.* ¶ 3.) Defendant Sean-Patrick Hillman is a resident of New York doing business through defendants through Hillcorp and Hillstory.[3] (*Id.* ¶ 4.) The amended complaint avers that the Hillman defendants transacted business in Ohio and, in particular, that they had substantial contacts in the Northern District Ohio and that "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in [the Northern District of Ohio]." (*See id.* ¶ 5.)

In applying the facts alleged in the amended complaint to the § 188 factors, the Court finds that analysis weighs in favor of the application of Ohio law to Babcox's claims against the Hillman defendants. As an initial matter, there are no allegations in the amended complaint concerning the place of contracting or negotiation of the purchase orders at issue here. But there are factual

---

[3] The contracts attached to the complaint that Babcox alleges were breached by the Hillman defendants indicate a New York address for defendant Hillstory. (*See* Doc. No. 17 at 10–17.)

allegations concerning the place of performance of the contracts. Babcox is an Ohio corporation located in Akron, Ohio. The purchase orders at issue were transmitted to Babcox in Ohio. Babcox performed the work required by the purchase orders in Ohio. And the injury to Babcox as a result of the Hillman defendants' alleged breach of the contract and other state law violations—non-payment for the work Babcox performed—was sustained in Ohio. Thus, the Court concludes that Ohio has the most significant relationship to Babcox's claims and, therefore, will apply Ohio law in analyzing Babcox's claims against the Hillman defendants.

### 2. Count I—Breach of contract

To establish a claim against the Hillman defendants for breach of contract under Ohio law, Babcox must show: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *See Spectrum Benefit Options, Inc. v. Med. Mut. of Ohio*, 880 N.E.2d 926, 934 (Ohio Ct. App. 2007) ("A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach.") (internal quotation marks and citations omitted). The well-pleaded allegations in the complaint, deemed admitted by the default of the Hillman defendants, establish that plaintiff is entitled to default judgment against the Hillman defendants for breach of contract.

First, the amended complaint alleges that the Hillman defendants "placed Orders for Plaintiff to perform approximately 80 separate publication services," which are attached to the amended complaint, and establish the existence of the contracts. (*See* Doc. No. 17 ¶ 18; *see also id.* ¶ 12 (citing true and accurate copies of the orders attached to the amended complaint).) Second, the amended complaint alleges that "Babcox fully, properly and faithfully performed all material

aspects and conditions precedent of [the] Orders[,]" establishing that plaintiff performed the contracts. (*See id.* ¶ 18; *see also id.* ¶ 14.) Third, Babcox alleges that the Hillman defendants breached the contracts by collecting payment from the advertisers but not transmitting payment to Babcox as required by the contracts. (*See id.* ¶ 19; *see also id.* ¶¶ 15, 16 ("Despite repeated attempts to obtain payment for its work . . . the Hillman Defendants have failed and refused to compensate Babcox for its work.").) And fourth, Babcox was damaged when the Hillman defendants failed to pay Babcox for the media services performed by plaintiff in the amount of $113,106.86 (*see id.* ¶ 20), though on default judgment, Babcox seeks a lesser amount of $106,871.71, plus interest from the date of judgment, and costs. (*See* Doc. No. 59-1 ¶ 6.)

Having established by the Hillman defendants' default that they breached the orders attached to the amended complaint, Babcox's motion for default judgment against each of the Hillman defendants—Sean-Patrick Hillman, Hillcorp, and Hillstory—for breach of contract (Count I) is granted in the amount of $106,871.71, plus interest from the date of judgment, and costs.

### 3. Count II (unjust enrichment); Count III (fraud); and Count IV (conversion)

Counts II, III, and IV, are all grounded in plaintiff's claim that it was not paid by the Hillman defendants for the work Babcox performed pursuant to the orders. (*See* Doc. No. 17 ¶¶ 22–24, 27–28; 31–23.) All three counts seek damages in the same amount that Babcox seeks for its breach of contract claim. (*See id.* ¶¶ 25, 29, 34.)

Whether characterized as a breach of contract claim, or as an unjust enrichment, fraud, or conversion claim, all of these claims arise from the same wrong and resulted in the same injury to plaintiff. But "Ohio law prevents a double recovery for the same injury." *Credit Acceptance Corp. v. Davisson*, Case No.: 1:08-cv-107, 2008 WL 11378851, at * 5 (N.D. Ohio Nov. 24, 2008) (citing

8

*Holeton v. Crouse Cartage Co.*, 748 N.E.2d 1111, 1118 (Ohio 2001)); *see also Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 566–67 (6th Cir. 2001) ("Election of remedies is 'the legal version of the idea that a plaintiff may not have his cake and eat it too.' D. Dobbs, Remedies § 1.5 at 14 (1973). The doctrine is remedial in nature and does no more than prevent double recovery. *Id.* at 16."); *see also U.S. ex rel. Augustine v. Century Health Servs., Inc.*, 289 F.3d 409, 417 (6th Cir. 2002) "[T]he election-of-remedies doctrine is properly invoked to prevent a double recovery based on two causes of actions that arose from the same wrong.") (citing *Hickson Corp.,* 260 F.3d at 566–67). Babcox has been compensated for its injury by the Court's award of default judgment against the Hillman defendants for breach of contract and cannot recover again for the same injury under Counts II, III, and IV.

Babcox also seeks punitive damages with respect to its fraud and conversion claims. (*See* Doc. No. 17 ¶¶ 29 and 34, respectively.) In Count III, Babcox alleges that the "Hillman Defendants made material misrepresentations to Plaintiff with knowledge of falsity or reckless disregard for the truth, with the intent to mislead, including but not limited to, that Babcox would be paid when the Hillman Defendants received payment from the advertisers for Plaintiff's work." (*Id.* ¶ 27.) In Count IV, Babcox alleges that the "Hillman Defendants' conversion of Plaintiff's money was willful, wanton and/or taken in conscious disregard for the great probability of harm to Babcox thereby." (*Id.* ¶ 33.)

In Ohio, punitive damages are available only upon a showing of actual malice. *Calmes v. Goodyear Tire & Rubber Co.*, 575 N.E.2d 416, 419 (Ohio 1991). "Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, *or* (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v.*

*Murty*, 512 N.E.2d 1174 (Ohio 1987) (Syllabus) (italics in original). Babcox does not allege that the Hillman defendants acted with actual malice, and Babcox's conclusory factual assertions regarding the Hillman defendants' actions do not support a plausible claim of actual malice. *See e.g. Bearhs v. Steven K. Bierly Trucking Operating Co.*, No. 2:18-cv-1400, 2019 WL 3244023, at *3 (S.D. Ohio July 19, 2019) (conclusory allegations of malice devoid of factual enhancement are insufficient to support a claim for punitive damages).

The Court declines to grant default judgment as to Counts II, III, and IV.

### 4. Count V—Declaratory judgment

In Count V, Babcox asks this Court to pierce the corporate veil of defendants Hillcorp and Hillstory and declare that Sean-Patrick Hillman is personally liable to Babcox for the damages it sustained. (Doc. No. 17 ¶ 41.) As an initial matter, Babcox does not specify whether its declaratory judgment claim is brought pursuant to federal or state law. That said, Babcox identifies only 28 U.S.C. § 1332 as the jurisdictional basis for its claims against the Hillman defendants and, therefore, it appears that Babcox brings its declaratory judgment claim pursuant to Ohio law. *See* Ohio Rev. Code Chapter 2721.

Unlike a declaratory judgment action under federal law, a claim for declaratory judgment under Ohio law is an independent cause of action. *NOCO Co. v. OJCommerce, LLC*, No. 1:19-cv-02298, 2020 WL 6411587, at *3 (N.D. Ohio Nov. 2, 2020) ("courts in this circuit have treated a claim for an Ohio declaratory judgment as a separate cause of action") (citing *NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 970 (N.D. Ohio 2009) (treating a request for declaratory judgment under Ohio law as an independent claim)). But "[p]iercing the corporate veil' is not a cause of action in and of itself, but rather, is a legal rule or doctrine that permits a court to disregard the formal corporate structure so that individual shareholders may then be held liable for

the actions of the corporation." *Trinity Health Sys. v. MDX Corp.*, 907 N.E.2d 746, 754 (Ohio 2009) (citing *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos., Inc.,* 617 N.E.2d 1075, 1085 (Ohio 1993)).

In *Belvedere*, *supra*, the Ohio Supreme Court held:

> The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvidere*, 617 N.E.2d at Syllabus ¶ 3.[4]

In *Dombroski v. WellPoint, Inc.,* 895 N.E.2d 538 (Ohio 2008), the Ohio Supreme Court clarified the second prong as follows:

> To fulfill the second prong of the *Belvedere* test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. (*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St. 3d 274, 617 N.E.2d 1075, modified.)

*Dombroski*, 895 N.E.2d at Syllabus.

Babcox alleges in the amended complaint that Sean-Patrick Hillman: (1) "is the controlling owner, officer, shareholder and/or member of Defendant Hillcorp and Hillstory[,]" (2) "was actively and personally involved in the conduct giving rise to Plaintiff's claims[,]" (3) "exercised such complete control over Defendants Hillcorp and Hillstory such that they had no separate mind, will, or existence of their own, were a mere façade, and were his alter ego[,]" (4) "exercised control over Defendants Hillcorp and Hillstory in such a manner as to commit fraud, illegal acts and/or

---

[4] The doctrine of piercing the corporate veil under Ohio law is applicable to both corporations and limited liability companies. *See Denny v. Breawick, LLC*, 137 N.E.3d 578, 584 (Ohio Ct. App. 2019).

11

similarly unlawful conduct against Babcox, including but not limited to, converting the money received from advertisers to pay for Plaintiff's services for his own use[,]" and that (5) "[i]jury and unjust loss resulted to the Plaintiff from [Sean-Patrick Hillman's] control and fraudulent, illegal and/or wrongful acts committed by and through his corporate entities."[5] (Doc. No. 17 ¶¶ 36–39.)

Here, the Court has found that Babcox is entitled to default judgment against Hillstory and Hillcorp in the amount of $106,871.71, plus interest from the date of judgment, and costs. And Babcox has alleged the requisite ownership, control, and conduct by Sean-Patrick Hillman over Hillcorp and Hillstory as required by Ohio law to pierce the corporate veil, and those allegations are deemed admitted by the default of the Hillman defendants.

Accordingly, the Court enters default judgment in favor of Babcox and against defendant Sean-Patrick Hillman on Count V in the amount of $106,871.71, plus interest from the date of judgment, and costs. *See Pottschmidt v. Klosterman*, 836, 865 N.E.2d 111, 120–21 (Ohio Ct. App. 2006) ("We initially acknowledge the cases cited by appellants that a simple breach of contract is not sufficient to pierce the corporate veil. The trial court found more than a breach of contract here, however, and held that each element of the *Belvedere* test had been met, thus allowing Dr. Pottschmidt to pierce the corporate veil of the new corporation to find Dr. Klosterman personally liable for the judgment rendered. We agree."); *see also WFG Natl Title Ins. Co. v. Meehan*, 2018-Ohio-491, 107 N.E.3d 60, 73 (Ohio Ct. App. 2018) (affirming trial court's conclusion that corporate veil should be pierced where owner's admissions, deemed admitted due to owner's failure to respond to request for admissions, included that owner exercised control over company in manner which was so complete that company did not have separate mind, will or existence of

---

[5] Further in support of Count V, Babcox alleges that Hillcorp and Hillstory "failed to perform the corporate formalities and separation of finances necessary to preserve their corporate status." (Doc. No. 17 ¶ 40.)

its own, and that owner used control over company in order to commit theft, forgery, fraud and other illegal acts against plaintiff); *cf. Thirty Eight St., Inc. v. Chatur Corp.*, No. 1:08-cv-716, 2009 WL 10689657, at *5 (N.D. Ohio Aug. 10, 2009) (finding individual not liable for breach of agreement pursuant to the doctrine of piercing the corporate veil under Ohio law where ["[t]here are no allegations that Patel controlled Chatur so completely that Chatur '[had] no separate mind, will, or existence of its own.' *Belvedere*, 67 Ohio St. 3d at 275. There are no allegations the Patel exercised control over Chatur 'in such a manner as to commit fraud, an illegal act, or a similarly unlawful act.' *Dombroski*, 119 Ohio St. 3d at 506."]).

### III. Conclusion

For all of the foregoing reasons, the Court grants plaintiff's motion for default judgment in the amount of $106,871.71, plus interest from the date of judgment, and costs: (1) against Hillcorp, Hillstory, and Sean-Patrick Hillman, jointly and severally (Count I); and alternatively (2) against Sean-Patrick Hillman, individually (Count V). The Court notes that both counts upon which default judgment is awarded arise from the same injury to plaintiff and, therefore, plaintiff is entitled to a single recovery of the awarded amount, not double recovery under both Counts I and V.

To the extent that Babcox seeks default judgment against the Hillman defendants on Counts II, III, and IV, the Court declines to enter default judgment for the reasons cited herein.[6]

This case is closed.

**IT IS SO ORDERED**.

Dated: July 18, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[6] To the extent Babcox has not sought default judgment on Counts II, III, and IV, or otherwise pursued those claims, they are deemed abandoned. *See J & J Sports Prods., Inc. v. B O B Lounge, LLC*, No. 17-cv-11350, 2018 WL 300362, at *4 (E.D. Mich. Jan. 5, 2018) (treating conversion claim as abandoned where plaintiff did not seek default judgment or otherwise pursue that claim) (citation omitted).